2006 WY 118

**BOARD OF PROFESSIONAL RE-SPONSIBILITY, WYOMING STATE BAR, Petitioner,**

v.

**Bret B. STRAND, Wyoming State Bar Attorney No. 6–2853, Respondent.**

No. D–06–4.

Supreme Court of Wyoming.

Sept. 25, 2006.

Jack Vreeland, Esq., Evanston, for Respondent.

Rebecca A. Lewis, Bar Counsel, Wyoming State Bar, Cheyenne.

**ORDER OF DISBARMENT**

BARTON R. VOIGT, Chief Justice.

**This matter** came before the Court upon a "Report and Recommendation for Disbarment" filed herein September 11, 2006, by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, Respondent's "Section 16 Affidavit," and the file, finds that the Report and Recommendation should be approved, confirmed, and adopted by the Court. It is, therefore,

**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Disbarment, a copy of which is attached hereto and incorporated herein, shall be, and the same hereby is,

approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that, effective this date, the Respondent, Bret B. Strand, shall be, and hereby is, disbarred from the practice of law in this state; and it is further

**ORDERED** that Board of Professional Responsibility is hereby authorized to issue a press release consistent with the proposed press release contained in the Report and Recommendation for Disbarment; and it is further

**ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Bret B. Strand shall reimburse the Wyoming State Bar the amount of $43.71, representing the costs incurred in handling this matter, as well as pay an administrative fee of $500.00. Mr. Strand shall pay the total amount of $543.71 to the Clerk of the Board of Professional Responsibility on or before November 10, 2006; and it is further

**ORDERED** that Respondent shall comply with the requirements of the Disciplinary Code for the Wyoming State Bar, particularly the requirements found in Section 22 of the Disciplinary Code; and it is further

**ORDERED** that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Disbarment, along with the incorporated Report and Recommendation for Disbarment, shall be published in the Pacific Reporter; and it is further

**ORDERED** that the Clerk of this Court shall docket this Order of Disbarment, along with the Report and Recommendation for Disbarment, as a matter coming regularly before this Court as a public record; and it is further

**ORDERED** that the Clerk of this Court cause a copy of the Order of Disbarment to be served upon the Respondent, Bret B. Strand; and it is further

**ORDERED** that the Clerk of this Court transmit a copy of this Order of Disbarment to members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

## BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY

## WYOMING STATE BAR

## STATE OF WYOMING

*In the matter of BRET B. STRAND, WSB Attorney No. 6–2853, Respondent.*

*Docket Nos. 2005–16*

## REPORT AND RECOMMENDATION FOR DISBARMENT

The Board of Professional Responsibility makes the following report and recommendation for disbarment, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

### *FINDINGS OF FACT*

1. Bret B. Strand is currently a suspended member of the Wyoming State Bar pursuant to the Order of Suspension from Wyoming Supreme Court dated 7 February 2006 for failure to pay his license fees.

2. On 4 May 2006, Strand agreed to plead guilty to Conspiracy to Manufacture a Controlled Substance in violation of W.S. 35–7–1059(a)(ii) and 35–7–1031(a)(i).

3. On 14 July 2006, Strand was sentenced by Judge Sanderson to five to eight years in the Wyoming State Penitentiary. The sentence was split and suspended with the split portion being one year in county jail with the remaining period of incarceration suspended. He was placed on eight years supervised probation under various terms and conditions.

4. Strand's conduct in regard to the criminal charges violated Rule 8.4(b) of the Wyoming Rules of Professional Conduct.

### *CONCLUSIONS OF LAW*

5. Standard 5.11 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in disbarment for violation of Rule 8.4(b):

Disbarment is generally appropriate when:

(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference

with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or

(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

6. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a. Applicable aggravating factors in this case are:

i. Section 9.22(i)—substantial experience in the practice of law.

b. Applicable mitigating factors are:

i. Section 9.32(a)—absence of a prior disciplinary record;

ii. Section 9.32(e)—full and free disclosure to disciplinary board or cooperative attitude toward proceedings; and

iv. Section 9.32(k)—imposition of other penalties or sanctions.

### RECOMMENDATION TO THE SUPREME COURT OF WYOMING

7. As an appropriate sanction for Strand's violations of Rule 8.4(b), it is recommended that he be disbarred.

8. The following should be provided in a press release:

"Rock Springs Attorney Bret Strand, already suspended from the practice of law, was disbarred by order of the Wyoming Supreme Court on _____ 2006. Mr. Strand pled guilty to the charge of Conspiracy to Manufacture a Controlled Substance which is a violation of Rule 8.4(b) of the Wyoming Rules of Professional Conduct.

Mr. Strand stipulated to these facts and consented to this disbarment. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court disbar Mr. Strand. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order disbarring Mr. Strand. The Order also required Mr. Strand to pay some of the costs of the Wyoming State Bar for prosecuting these matters."

b. Strand should reimburse the Wyoming State Bar for the costs of handling this matter in the amount of $43.71 and pay the administrative fee of $500.00 no later than 1 October 2006.

This decision is unanimously made by a quorum of the Board of Professional Responsibility. It is therefore so recommended September 8, 2006.